{¶ 1} Respondent-appellant Vanessa Miley ("Miley") brings this appeal from the judgment of the Court of Common Pleas of Marion County granting a civil protection order to petitioner-appellee Quintessa Jones ("Jones")
 {¶ 2} In 1998, Jones was cohabitating with Mike Freeman ("Freeman"). Freeman was dating both Jones and Miley[1] at that time. Miley's mother and Jones both attempted to discourage the relationship between Miley and Freeman, but were unsuccessful. From this time until the time of the hearing, both Miley and Jones were involved in numerous verbal altercations and a few physical altercations. The parties engaged in activities specifically designed to harass the other and numerous physical threats were exchanged. On August 27, 2002, Miley filed a petition for a stalking protection order against Jones. On September 3, 2002, Jones filed for stalking protection order against Miley. A hearing was held on January 2, 2003. At the beginning of the hearing, Jones consented to having an order entered against her. The trial court then heard the evidence against Miley. At the conclusion of the hearing, the trial court determined that a civil protection order was appropriate and entered identical orders against both Miley and Jones. It is from this judgment that Miley appeals and raises the following assignments of error.
 The record contains insufficient evidence to support the stalking protection order.
 The stalking protection order is contrary to the manifest weight of evidence.
 {¶ 3} The first assignment of error raises the issue of the sufficiency of the evidence.
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. * * *
 {¶ 4} State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541 (citations omitted). "When a defendant challenges the sufficiency of the evidence, `the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Johnson (2000),88 Ohio St.3d 95, 112, 723 N.E.2d 1054 (citation omitted).
 {¶ 5} In this case, the record is replete with numerous instances where Jones and Miley were engaged in mutual harassment. This included an incident where Miley asked a friend to poison Jones for her. Both parties engaged in misconduct and each party instigated the clashes at various times. The evidence indicates that Miley's mother had to file unruly charges against Miley in an attempt to keep her away from Freeman. Even this step did not keep the parties from continuing to quarrel over Freeman. Based upon this evidence, the evidence was sufficient for the trial court to order a stalking protection order. Thus, the first assignment of error is overruled.
 {¶ 6} The second assignment of error raises the issue of whether the judgment is against the manifest weight of the evidence.
 In considering a manifest-weight claim, "[t]he court, reviewing the entire record, weights the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction."
 {¶ 7} State v. Lindsey (2000), 87 Ohio St.3d 479, 483,721 N.E.2d 995. When witnesses present conflicting testimony, the determination of the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. Thompkins, supra.
 The fact-finder * * * occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.
Id. at 529.
 {¶ 8} In this case, Jones testified that the quarrels between the parties had been continuous since 1997. The only exception was the time that Jones had left the state. Once Jones returned to the state, Miley resumed the harassment. Jones testified that Miley and her friends would drive by her residence honking their horns and making obscene gestures at her. Jones testified that this behavior continued into 2002. Based upon this testimony, the trial court reasonably could conclude that a stalking protection order was proper. Thus, this court finds no manifest miscarriage of justice. The second assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.
[1] Miley was only 14 or 15 years old at this time.